STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

CHRISTINA LIU (CABN 308362)
ASEEM PADUKONE (CABN 298812)
Assistant United States Attorneys

  450 Golden Gate Avenue, Box 36055
  San Francisco, California 94102-3495
  Telephone: (415) 436-7199 / (415) 436-6401
  FAX: (415) 436-7234
  christina.liu@usdoj.gov
  aseem.padukone@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> EVGENI KOPANKOV, <br><br> Defendant. | CASE NO. CR 19-178 VC <br><br> UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO SET CASE FOR JURY TRIAL <br><br> Court:   The Honorable Vince Chhabria <br> Date:    March 29, 2022 <br> Time:    1:30 p.m. |

On March 21, 2022, defendant Evgeni Kopankov filed a motion to set a jury trial date, Dkt. 157 (Motion), after the Court had already accepted his guilty pleas to one count of robbery conspiracy (Count 1) and one count of kidnapping conspiracy (Count 2) in connection with defendant's signed plea agreement, Dkt. 118 (Minute Entry); Dkt. 116 (Plea Agreement).  The United States opposes defendant's motion for a trial date because defendant must first move to withdraw his knowing and voluntary guilty pleas that the Court accepted on June 23, 2021.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On April 18, 2019, a federal grand jury indicted defendant Kopankov and two co-defendants on one count of conspiracy to commit robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951(a) (Count 1), and one count of conspiracy to commit kidnaping, in violation of 18 U.S.C. §§ 1201(a)(1) and (c) (Count 2).  Dkt. 30 (Indictment).

On June 23, 2021, the parties appeared before this Court by videoconference for defendant's change of plea hearing pursuant to a Rule 11(c)(1)(B) plea agreement that defendant signed on June 18, 2021.  Dkt. 116; Dkt. 157.[1]  The plea agreement included defendant's agreement to plead guilty to both Counts 1 and 2, Dkt. 157 at ¶ 1; his agreement to the factual summary of the charged conduct, *id.* ¶ 2; his agreement not to withdraw his guilty pleas, *id.* ¶ 6 ("I agree not to ask the Court to withdraw my guilty pleas at any time after they are entered."); and his agreement that in the event of breach, the facts in Paragraph 2 and his sworn admissions in Court would be admissible against him in a subsequent trial, *id.* ("In the event I violate any of the terms of the Agreement, I agree that the facts set forth in Paragraph 2 of this Agreement and, if applicable, the fact that I made a sworn admission to them in a previous court proceeding, shall be admissible against me in any subsequent proceeding, including at trial.  In any subsequent proceeding conducted after I violate any of the terms of the Agreement, I expressly waive any and all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 with regard to the facts set forth in Paragraph 2 of the Agreement and, if applicable, the fact that I made a sworn admission to them at a previous court proceeding.").

During the change of plea hearing, defendant was sworn under oath, advised of his rights, and examined by this Court.  Dkt. 116.  At the end of the hearing, the Court found defendant competent, found his pleas of guilty to be knowing and voluntary, and accepted defendant's pleas of guilty to Counts 1 and 2 of the Indictment.  *Id.*  The Court scheduled a sentencing hearing, *id.*, and the parties

---

[1] Defendant's change of plea hearing was originally scheduled for June 22, 2021.  Dkt. 114 (Minute Entry).  The Court held the June 22, 2021 hearing but, to ensure defendant was fully informed of the consequences of entering guilty pleas, continued the change of plea hearing to June 23, 2021 so defendant could discuss immigration consequences with counsel before entering guilty pleas.  *See id.*  On June 23, 2021, defense counsel filed a notice indicating that he had researched and considered the consequences of entering guilty pleas in the context of defendant's citizenship status.  Dkt. 115 (Notice).

thereafter filed sentencing memoranda, Dkt. 137 (Government's Sentencing Memorandum); Dkt. 139 (Defendant's Sentencing Memorandum).

On February 2, 2022, the Court first sentenced co-defendant Emanoel Borisov to a 30 month custodial sentence. The Court then held a sentencing hearing for this defendant, heard oral argument from the parties, expressed concerns about arguments made by defendant and his counsel, ordered supplemental briefing, and continued the sentencing hearing. Dkt. 143 (Minute Entry). Defendant subsequently filed an amended version of his sentencing memorandum. Dkt. 142 (Defendant's Amended Sentencing Memorandum).

On February 16, 2022, the Court issued an order that, "given the statements of Kopankov and his counsel during the prior sentencing hearing, and given the presence of a typographical error in Paragraph 2 of the plea agreement, the Court will require a new plea colloquy based on a revised plea agreement immediately before the continued sentencing hearing." Dkt. 149 (Order). The parties thereafter entered into discussions of a revised plea agreement.

On March 21, 2022, defense counsel informed the United States by phone and the Court in a filing that defendant declined to enter into a revised plea agreement and wanted to proceed to jury trial. *See* Dkt. 157. In his motion for a jury trial, defendant claimed no motion to withdraw his guilty pleas was necessary because the February 16, 2022 order "ha[d] the same effect." *Id.* at 2. Defendant indicated that, if a motion to withdraw were indeed necessary, he would request "reasonable time" to prepare such a motion. *Id.*

## ARGUMENT

Defendant's motion for a jury trial should be denied because he must first make a motion to withdraw his guilty pleas, which he has not yet done. Defendant's guilty pleas were already entered into under oath and accepted by the Court as knowing and voluntary. Moreover, the Court's February 16, 2022, order requiring a revised plea agreement and new plea colloquy did not, and could not, vacate the guilty pleas that the Court had already accepted on June 23, 2021. *United States v. Patterson*, 381 F.3d 859, 865 (9th Cir. 2004) ("[J]eopardy attached when the court accepted [defendant's] plea and [], once it accepted the plea, the court did not have authority to vacate the plea . . .").

The withdrawal of a guilty plea under Rule 11 is "the exception, not an automatic right." *United States v. Minasyan*, 4 F.4th 770, 778 (9th Cir. 2021). "Once the district court accepts a guilty plea, the conditions under which the plea may be withdrawn are governed exclusively by Rule 11 of the Federal Rules of Criminal Procedure." *In re Ellis*, 356 F.3d 1198, 1200 (9th Cir. 2004) (en banc). Rule 11, in turn, provides that after court acceptance of the guilty plea and before sentencing, the defendant can only withdraw his guilty plea if he "can show a fair and just reason for requesting the withdrawal." Rule 11(f)(2)(B). "Although this standard is liberal, it must be consistent with Rule 11's purpose of ensuring some finality at the time pleas are accepted" and "permitting withdrawal is, as it ought to be, the exception, not an automatic right." *Minasyan*, 4 F.4th at 778 (internal quotation marks omitted). Rule 11 does not otherwise permit the district court to determine that a defendant's guilty pleas should be vacated. *See* Rule 11. The United States respectfully submits that the Court's February 16, 2022 order requiring a new plea colloquy and revised plea agreement does not eliminate or reduce defendant's burden under Rule 11 to show a "fair and just reason" for withdrawal. *See Ellis*, 356 F.3d at 1200 (holding that Rule 11 exclusively governs the conditions of withdrawal after court acceptance of the guilty pleas).

Because defendant's guilty pleas remain in effect and the Double Jeopardy Clause protects defendant from a second prosecution of same offenses, defendant's guilty pleas on Counts 1 and 2 prevent him from proceeding to trial on these same counts. *See Patterson*, 381 F.3d at 862-63 (holding that jeopardy attached upon court acceptance of guilty plea and defendant could not be tried again for same offense). Defendant therefore cannot seek a trial date on Counts 1 and 2 unless he first moves to withdraw his guilty pleas on these counts.

If defendant were to move to withdraw his guilty pleas, he would carry the burden to establish "a permissible reason to withdraw the guilty plea, which includes reasons like inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *Minasyan*, 4 F.4th at 779. Indeed, defendant has no other pathway for withdrawal of his guilty pleas. Establishing a "fair and just reason"

1  is the only avenue of withdrawal available to defendant under Rule 11(f), as the Court has already
2  accepted his guilty pleas, Dkt. 118. [2]
3     The United States respectfully requests that the Court deny defendant's motion for a jury trial.
4
5  DATED:  March 25, 2022                                      Respectfully submitted,
6                                                              STEPHANIE M. HINDS
                                                               United States Attorney
7
8                                                               /s/
                                                               CHRISTINA LIU
9                                                              ASEEM PADUKONE
                                                               Assistant United States Attorneys

---

26  [2] If defendant does move to withdraw his June 23, 2021 guilty pleas, the United States reserves its right to respond to the defendant's motion and address the merits of whether the defendant has set
27  forth a "fair and just reason" for withdrawing his guilty pleas under Rule 11.
28

UNITED STATES' OPP. TO DEF. MOT. FOR JURY TRIAL
CR 19-178 VC                                                  5