**DAVID M. MICHAEL, CSBN 74031**
**MICHAEL & BURCH LLP**
**One Sansome Street, Suite 3500**
**San Francisco, CA 94104**
**Telephone:** (415) 946-8996
**Facsimile:** (415) 946-8837
**E-mail:** david@michaelburchlaw.com

**Attorney for Defendant**
**EVGENI KOPANKOV**

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-CR-00178 VC |
| Plaintiff, | **DEFENDANT'S MOTION TO EXCLUDE ALLEGED CO-CONSPIRATOR STATEMENTS NOT SUPPORTED BY PROPER FOUNDATION** |
| v. | |
| EVGENI KOPANKOV, | |
| Defendant. | Federal Rules of Evidence 801(d)(2)(E) |
| _____/ | |

TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on a date and time to be set by this Court, Defendant EVGENI KOPANKOV will and hereby does move this Court, pursuant to Federal Rules of Evidence 801(d)(2)(E), for an order excluding purported co-conspirator statements that are not supported by the necessary foundation, and for an order directing the government to submit an offer of proof concerning what statements it will seek to admit under Rule 801(d)(2)(E) and the independent evidence establishing the date or dates on which it contends Defendant joined or was part of any alleged conspiracy as set forth herein.

This motion is based upon the accompanying Memorandum of Points and Authorities, the record in this case, any argument that the Court may permit, and any other matters the Court deems appropriate.

Dated: July 11, 2022                                                                 Respectfully submitted,

|  |  |
|---|---|
|  | *s. David M. Michael*        |
|  | DAVID M. MICHAEL |
|  | Attorney for Defendant |
|  | EVGENI KOPANKOV |

**MEMORANDUM OF POINTS AND AUTHORITIES**

On April 3, 2019, Defendant Kopankov and two others, Emanoel Borisov and Paul Brooks, were charged as defendants by Complaint with the violation of Title 18:1951(a), Conspiracy to Commit Robbery Affecting Interstate Commerce and Title 18:1201(a)(1) and (c), Conspiracy to Commit Kidnapping. (ECF No. 1). Subsequently, on April 18, 2019, the Defendants were Indicted for the same offenses. (ECF No. 30). The purported conspiracy allegedly began "on or about March 2019 and continuing on to on or about April 13, 2019 in the Northern District of California and elsewhere…".

Defendant Kopankov anticipates that the government, from its representations, will seek to introduce various recorded telephone conversations, text messages, and extrajudicial statements against Defendant pursuant to Federal Rule of Evidence 801(d)(2)(E), which provides that an extrajudicial statement is not hearsay if it is offered against an opposing party and "made by the party's co-conspirator during and in furtherance of the conspiracy."

The Court should take care not to admit extrajudicial statements under Rule 802(d)(2)(E) unless the government has satisfied its burden to establish the necessary foundation. Further, the Court should direct the government to submit an offer of proof concerning the dates on which the conspiracy allegedly began and ended, the various recorded telephone conversations, text messages, and extrajudicial statements it will seek to admit against Defendant Kopankov, and the independent evidence establishing the date or dates on which it contends Defendant joined or was part of the conspiracy that would allow the admission of such evidence against Defendant.

**I.   THE NECESSARY FOUNDATION**

"Before admitting a co-conspirator's statement over an objection that it does not qualify under Rule 801(d)(2)(E), a court must be satisfied that the statement actually falls within the definition of the Rule." *Bourjaily v. United States*, 483 U.S. 171, 175

(1987). The proponent of the evidence bears the burden of establishing admissibility by a preponderance of the evidence. *Id.* at 176. Thus, to qualify for admission under Rule 801(d)(2)(E), the proponent must lay a foundation that "(1) the declaration was in furtherance of the conspiracy, (2) it was made during the pendency of the conspiracy, and (3) there is independent proof of the existence of the conspiracy and of the connection of the declarant and the defendant to it." *United States v. Eubanks*, 591 F.2d 513, 519 (9th Cir. 1979) (quoting *United States v. Weiner*, 578 F.2d 757, 768 (9th Cir. 1978)). Of great significance, as the many pleadings in this case allege, is the virtual absence of evidence connecting defendant Kopankov to any alleged conspiracy.

To be "in furtherance" of an alleged conspiracy, "statements must further the common objectives of the conspiracy or set in motion transactions that are an integral part of the conspiracy." *United States v. Yarborough*, 852 F.2d 1522, 1535 (9th Cir. 1988). Statements made for objectives outside the alleged conspiracy are not admissible under Rule 801(d)(2)(E). *United States v. Moran*, 493 F.3d 1002, 1010 (9th Cir. 2007). Likewise, "[m]ere conversations between coconspirators . . . are not made 'in furtherance' of conspiracy." *Yarborough*, 852 F.2d at 1535. Casual admissions of culpability are similarly inadmissible. *United States v. Layton*, 720 F.2d 548, 556 (9th Cir. 1983). And narrations of past events are also inadmissible under the Rule. *Id.* at 556-57 (9th Cir. 1983); *see also United States v. Yarborough*, 852 F.2d 1522, 1535 (9th Cir. 1988); *Eubanks*, 591 F.2d at 520. In short, a statement "in furtherance" of a conspiracy "must assist the conspirators in achieving their objectives." *Layton*, 720 F.2d at 556 (quotation marks and alterations omitted).

Moreover, "[s]tatements of alleged co-conspirators made before the time it can be shown by independent evidence that [a defendant] joined the conspiracy are not admissible to show his participation." *United States v. Gee*, 695 F.2d 1165, 1169 (9th Cir. 1983). *See also, United States v. Martinez* 430 F. 3d. 317 (6th Cir. 2005)

> A statement is not hearsay if it is offered against a party and is "a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." FED. R. EVID. 801(d)(2)(E). The government bears the burden of showing by a preponderance

of the evidence that a conspiracy existed, **that the defendant was a member of the conspiracy**, and that the statement was made in the course and furtherance of the conspiracy. *United States v. Clark*, 18 F.3d 1337, 1341 (6th Cir. 1994); *United States v. Gessa*, 971 F.2d 1257, 1261 (6th Cir. 1992) **[\*\*11]** (en banc). The statements themselves may be considered in determining admissibility under Rule 801(d)(2)(E). *Clark*, 18 F.3d at 1341. These findings, often called *Enright* findings, must be made by the district court. *United States v. Enright*, 579 F.2d 980, 986-87 (6th Cir. 1978).

430 F. 3d. at 325 (emphasis added)

Defendant Kopankov objects to the admission of any extrajudicial statement under Rule 801(d)(2)(E) unless the government has established the predicates discussed above.

## II.  OFFER OF PROOF

The government must identify and establish as to each such statement it seeks to admit under Rule 801(d)(2)(E) that (1) the statement was *in furtherance* of the alleged conspiracy, (2) the statement was made *during the pendency* of the conspiracy, and (3) there is independent proof of the existence of the conspiracy and the defendant's and declarant's status as members of the same ongoing conspiracy. *Eubanks*, 591 F.2d at 519. Additionally, in order to introduce an extrajudicial statement designed to show that any Defendant participated in the alleged conspiracy, **the government must establish by independent evidence that the Defendant had joined the conspiracy by the time of the statement**. *Gee*, 695 F.2d at 1169. (emphasis added).

To promote the orderly admission of evidence, defendant Kopankov asks the Court to direct the government to submit an offer of proof informing the Court and Defendant of the above requirements and to exclude any such alleged statements not supported by the proper foundation.

Dated:  July 11, 2022

Respectfully submitted,
*s. David M. Michael*
DAVID M. MICHAEL
Attorney for Defendant
EVGENI KOPANKOV

### CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that, on July 11, 2022, I caused to be electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                        *s/David M.Michael*_____
                                        DAVID M. MICHAEL

                                        Attorney for Defendant
                                        EVGENI KOPANKOV