1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney
2
   THOMAS A. COLTHURST (CABN 99493)
3  Chief, Criminal Division

4  JOSEPH TARTAKOVSKY (CABN 282223)
   KEVIN YEH (CABN 314079)
5  Assistant United States Attorney

6      450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102-3495
7      Telephone: (415) 436-7063
       Fax: (415) 436-7234
8      Email: joseph.tartakovsky@usdoj.gov
              kevin.yeh@usdoj.gov
9
   Attorneys for United States of America
10
                    UNITED STATES DISTRICT COURT
11
                  NORTHERN DISTRICT OF CALIFORNIA
12
                      SAN FRANCISCO DIVISION
13

14  UNITED STATES OF AMERICA,            )   CASE NO. 3:19-CR-178-JSC
                                         )
15              Plaintiff,               )   **UNITED STATES' MEMORANDUM RE
                                         )   CONTEMPT**
16         v.                            )
                                         )
17  EVGENI KOPANKOV,                     )   Judge:  Hon. Jacqueline Scott Corley
                                         )   Trial Date: May 15, 2023
18              Defendant.               )
                                         )
19  _____ )

20

21                        **INTRODUCTION**

22         At the May 10, 2023, pretrial conference in this matter, the Court ordered that the government

23  file a memorandum explaining its options in response to an immunized witness's refusal to testify at

24  trial.  The government respectfully submits this memorandum for the Court's consideration, with the

25  caveat that this memorandum simply provides a high-level summary of options available to the Court

26  and should not be construed as the government's recommendations to the Court, or a reflection of the

27  government's intended actions, at this time.  Given the serious nature of contempt proceedings,

28  GOVERNMENT'S TRIAL MEMORANDUM
    No. 3:19-CR-178 JSC
                                            1

1  government counsel will need additional time to consult internally, but will do so as expeditiously as

2  possible so as not to unduly delay the Court or these proceedings.

**DISCUSSION**

### I.    Overview

"The inherent power of the courts to punish contempt of their authority and to coerce compliance

with orders is not disputed." *United States v. Powers*, 629 F.2d 619, 624 (9th Cir. 1980).  This authority

is also statutorily established in 18 U.S.C. § 401.  Contempt can be criminal or civil.  *Powers*, 629 F.2d

at 625.  Federal Rule of Criminal Procedure 42 defines procedural requirements for contempt

proceedings and, despite its name, applies to civil contempt proceedings too.  *Id.*  A refusal to testify in

defiance of a court order is punishable by contempt.  *Id.*

A witness is obligated to testify after a court orders that witness to do so, regardless of any

purported safety concerns.  *United States v. Doe*, 125 F.3d 1249, 1254 (9th Cir. 1997).  Indeed, "[n]o

federal court in a reported decision has held that fear of retaliation is sufficient reason to refuse to

testify.  To do so in this case would mean that virtually every prisoner in the United States, and many

millions of people at large, would be freed of the duty to appear and testify before a grand jury." *Dupuy*

*v. United States*, 518 F.2d 1295, 1295 (9th Cir. 1975).

### II.    Civil Versus Criminal Contempt

"The difference between criminal and civil contempt is in the intended effects of the court's

punishment." *Powers*, 629 F.2d at 627.  "Actions and proceedings need not be wholly civil or wholly

criminal and the choice of one label does not prevent application of both forms of contempt

punishment. . . . The same conduct may result in both civil and criminal contempt charges." *Id.*

"Punishment for civil contempt is usually considered to be remedial.  The penalty is designed to

enforce compliance with a court order.  For that reason civil contempt punishment is conditional and

must be lifted if the contemnor obeys the order of the court.  The term of punishment for civil contempt

cannot extend beyond the trial proceedings since at the termination of the trial the contemnor's actions

can no longer be purged." *Id.* (citations omitted).

"Criminal contempt is established when there is a clear and definite order of the court, the

1  contemnor knows of the order, and the contemnor willfully disobeys the order.  The penalty is punitive

2  in nature.  It serves to vindicate the authority of the court and does not terminate upon compliance with

3  the court's order." *Id.* (citation omitted).

4      Ordinarily, "trial judges must first consider the feasibility of coercing testimony through the

5  imposition of civil contempt before resorting to criminal contempt." *Id.* at 625.  But "civil contempt

6  would have [ ] little to no coercive or punitive effect" where the defendant "was already incarcerated

7  and the trial was within a few days of completion." *United States v. Doe*, 125 F.3d 1249, 1256 (9th Cir.

8  1997).  Thus, proceeding directly to criminal contempt proceedings may be appropriate for recalcitrant

9  witnesses who are already serving a term of imprisonment. *Id.* (citing *United States v. Wilson*, 421 U.S.

10 309, 317 n.9 (1975) (observing that threat of civil contempt provides little incentive where contemnor is

11 already incarcerated)).  The government is "within its discretion in filing only criminal contempt charges

12 without first resorting to civil contempt" in such a situation. *Id.*

13 **III.   Procedure**

14     "A summary contempt proceeding under [Rule 42(b)] is justified when a witness who has been

15 granted immunity refuses to testify." *Powers*, 629 F.2d at 625.  No warning is necessary, though giving

16 one is favored, and "the court must issue a certificate stating the relevant facts supporting the contempt

17 order." *Id.* at 624–25.

18     More typically, contempt must be dealt with under Rule 42(a), which prescribes hearing and

19 notice for criminal contempt.  In addition to a statement of the essential facts underlying the charge,

20 notice must be given of the time and place for a hearing to determine if a person should be held in

21 criminal contempt.  "The purpose of notice is to inform the contemnor of the nature of the charge and

22 enable the contemnor to prepare a defense." *Id.* at 625.  The notice can be simple and even oral.  Rule

23 42 does not set out an explicit period for preparation, but the Ninth Circuit has held that, absent a

24 showing by the government of a compelling need to shorten the time, five days may be appropriate. *Id.*

25     "Rule 42(b) [ ] establishes a right to bail and trial by jury.  The right to jury trial is not absolute,

26 however.  Only prosecutions for 'serious' criminal contempts are subject to the right of trial by jury.  A

27 six-month criminal contempt sentence has been held to not be so 'serious' as to warrant a trial by jury."

28

1   *Id.* (citations omitted).

2        "The criminal contempt proceeding is in all other respects like a criminal trial."  Grand Jury Law

3   and Practice § 11:20 (2d ed.).  If the Court initiates criminal contempt proceedings, the Court *must*

4   request that the contempt be prosecuted by an attorney for the government unless the interest of justice

5   requires the appointment of another attorney. Fed. R. Crim. P. 42(a)(2) (emphasis added).  If the

6   government declines the request, the Court *must* appoint another attorney to prosecute the contempt.  *Id.*

7        The government may also instigate criminal contempt proceedings, regardless of any action by

8   the Court.  To do so, the government would simply file charges.

9        The Benchbook for U.S. District Judges (6th ed. 2013) outlines in greater detail the procedures

10  for criminal contempt.

11  **IV.   Penalties**

12       There is no maximum fine or term of imprisonment for criminal contempt.  Grand Jury Law and

13  Practice § 11:21.  Notably, the Court may impose a fine or a term of imprisonment, but not both.  *Id.*

14  There is no guideline provision for criminal contempt.  U.S.S.G. § 2J1.1 directs the court to apply

15  U.S.S.G. § 2X5.1.  If the Court concludes that the witness's recalcitrance is to obstruct the government's

16  investigation, the most analogous guideline provision would be for obstruction of justice under U.S.S.G.

17  § 2J1.2.

18  **V.    Application**

19       The Court may consider doing the following.  Outside the presence of the jury, the witness

20  should be called to the stand and placed under oath.  The Court should then inquire whether he intends

21  to invoke the Fifth Amendment privilege.  If he indicates he will, the Court should then advise that the

22  witness has been immunized and order him to testify.  The Court should then inquire whether, in light of

23  the grant of immunity, he will now testify at the trial.  If the witness agrees to testify, then the trial

24  should proceed with his testimony.  If, on the other hand, he indicates an intent to still refuse to testify,

25  then the Court may hold the witness in civil or criminal contempt, and the Court may do so summarily

26  or after notice.

27       //

28

GOVERNMENT'S TRIAL MEMORANDUM
No. 3:19-CR-178 JSC

4

DATED: April 21, 2023                    Respectfully submitted,

                                         ISMAIL J. RAMSEY
                                         United States Attorney


                                         _____/s/_____
                                         JOSEPH TARTAKOVSKY
                                         KEVIN YEH
                                         Assistant United States Attorneys

GOVERNMENT'S TRIAL MEMORANDUM
No. 3:19-CR-178 JSC