UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERCIA,<br><br>Plaintiff,<br><br>v.<br><br>EVGENI KOPANKOV,<br><br>Defendant. | Case No. 19-cr-00178-JSC-1<br><br>**ORDER RE: DEFENDANT'S MOTION TO RELEASE CRIMINAL DISCOVERY TO CIVIL ATTORNEY**<br><br>Re: Dkt. No. 363 |

Mr. Evgeni Kopankov was indicted in April of 2019 and later acquitted by a jury of all charges. At the outset of the case, the government and Mr. Kopankov entered a stipulated protective order which governed discovery in the criminal matter. (Dkt. No. 43.)[1] Having been acquitted of the criminal charges against him, Mr. Kopankov retained civil counsel to file civil claims relating to his criminal case. (Dkt. No. 363 at 1.) Mr. Kopankov now moves the Court to modify the protective order to permit the release of discovery to his civil counsel after counsel signs the protective order. (*Id.*)

Under Federal Rules of Criminal Procedure 16(d)(1), a court may grant a request to modify a protective order "for good cause." Mr. Kopankov contends good cause exists because he needs to be able to share information with counsel to bring his civil suit relating to the criminal case. Defense counsel represents that civil counsel has agreed that he will abide by the terms of the protective order and is willing to sign the protective order as well.

Mr. Kopankov has not met his good cause burden. First, the protective order required Mr. Kopankov return all materials within 60 days of his acquittal in this case. The protective order

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

reads: "Defense counsel shall return materials subject to this Protective Order (including any copies) to the United States within 60 days after … defendant's acquittal" with certain exceptions. (Dkt. No 43 at 3.)   So, under the protective order's plain terms, Mr. Kopankov does not have the right to possession of the discovery covered by the protective order.  So, his assertion the discovery belongs to him is wrong.  His suggestion his criminal counsel is not bound by the protective order is surprising.  The protective order is a court order.  (Dkt. No. 43 at 1 ("the Court enters the following Protective Order")).  Nothing in the court order suggests subsequent counsel are not bound by the order.

Further, Mr. Kopankov does not identify *any* of the discovery he contends he needs, let alone explain how he would be prejudiced if his civil counsel does not get to see the discovery right now.  Mr. Kopankov has apparently already decided to file a lawsuit; if discovery subject to the protective order is discoverable in the civil lawsuit then he should be able to obtain it in the civil lawsuit.

Mr. Kopankov's criminal counsel's concern she has an ethical duty to release all documents in her possession to Mr. Kopankov and his current counsel is unwarranted.  The Rule of Professional Conduct—Cal. Rule Prof. Conduct 3-700(D)(1)—states "Subject to any protective order or nondisclosure agreement", so it contemplates not sharing with client if a protective or non-disclosure agreement prohibits such sharing, as is the case here.  The Rule also states that counsel has a duty to provide "[c]lient papers and property." As explained above, the material produced subject to the protective order is not Mr. Kopankov's property (at least in the absence of his identifying any specific discovery), and should have been returned to the government long ago.

The Court therefore DENIES Mr. Kopankov's motion to modify the protective order to permit him to release discovery.

This Order disposes of Docket No. 363.

**IT IS SO ORDERED.**

Dated: November 25, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge

2